# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYCE DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:22-CV-0062 SNLJ |
| KACEY PROCTOR, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the plaintiff Bryce Davis' complaint. Plaintiff is a pretrial detainee currently housed at Butler County Jail in Poplar Bluff, Missouri. For the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Kacey Proctor, Dewayne Warren and Matt Michel in their entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will also dismiss plaintiff's claims against Mark Dobbs and Dylan Janes in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's conditions of confinement claims will also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court will additionally stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007) with respect to plaintiff's claims of false arrest and false imprisonment against defendants Dobbs and Janes, based on the pendency of an underlying criminal case against plaintiff arising out of the same facts. Plaintiff's remaining motions will be denied at this time.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* prison account statement.[1] As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] The document submitted by plaintiff is titled a "Resident Account Summary."

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Bryce Davis, a pretrial detainee at Butler County Jail in Poplar Bluff, Missouri, filed the instant action on May 12, 2022, on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. Plaintiff listed six individuals and entities as defendants in this action: (1) Kacey Proctor (Prosecutor); (2) Dewayne Warren (Assistant Prosecutor); (3) Matt Michel (Assistant Prosecutor); (4) Mark Dobbs (Sheriff); Dylan Janes (Police Officer); and Butler County Justice Center. Plaintiff sues the individual defendants in their individual and official

capacities. On July 12, 2022, plaintiff filed a motion to voluntarily dismiss defendant Butler County Justice Center from this action. The Court will grant plaintiff's motion.

Plaintiff alleges that he has been wrongfully imprisoned on false charges in Butler County. He states that the dispatcher called for an alleged "burglary in progress," but when he was arrested, he was not arrested for burglary. He claims that his constitutional rights have been violated and Sheriff Mark Dobbs is responsible for holding him in Butler County Justice Center on false charges. Plaintiff also alleges that the defendant prosecutors are responsible for failing to investigate the proper charges. Plaintiff claims that Officer Dylan James is responsible for pursuing the charges that led him to be incarcerated.

In addition to the aforementioned, plaintiff brings claims relating to conditions of confinement at the Butler County Jail. However, these claims are duplicative of claims contained in another action before this Court. *See Davis v. Dobbs*, No. 1:22-CV-36 SNLJ (E.D.Mo).[2] Moreover, plaintiff has not articulated any particular defendants related to these claims.

Plaintiff seeks monetary damages in this action against defendants.

## Plaintiff's State Court Criminal Action

A probable cause statement supporting a criminal Complaint was filed against plaintiff in Butler County State Court on November 10, 2021. *See State v. Davis*, No. 21BT-CR-1743 (36th Judicial Circuit, Butler County Court). Plaintiff was charged with vehicle high-jacking, domestic assault in the second degree, felony kidnapping in the second degree, armed criminal action, unlawful possession of concealed firearm, felony tampering with a victim and unlawful use of a weapon. *Id.*

---

[2] Plaintiff was instructed to amend his complaint in that case.

4

The probable cause statement, completed by Police Officer Dylan James, with the City of Poplar Bluff, claimed, in pertinent part:

> On 11/9/2021, I was dispatched to 1708 Thomas in reference to possible burglary in progress.
>
> Upon my arrival I made contact with Ashley Collins. Collins stated Bryce Davis and his friends came over and were beating on the door trying to get into the house.
>
> They left just before I arrived. When asked why they were there, Collins stated the following:
>
> - Davis picked her up from Hucks where she works at 2200 hours on 11/08/2021.
> - Davis wanted to take her vehicle and she told him no.
> - Davis pulled out a pistol and held her at gunpoint.
> - Davis drove Collins around for approximately 45 minutes.
> - Davis took her home.
> - Davis attempted to push Collins out of the vehicle and take her vehicle.
> - Collins put the vehicle in park and took the keys.
> - Davis began hitting Collins in the head and put her in a choke hold.
> - Collins' father came outside, Davis let Collins go.
> - Davis threatened Collins saying he would shoot her and her family if she contacted the police.
>
> I have not been able to contact Davis at the time of this report.

A warrant was issued for plaintiff's arrest on November 10, 2021, and it was served on plaintiff on December 21, 2021. *Id.* An Information was filed on January 31, 2022. *See State v. Davis*, No. 21BT-CR-1743-01 (36th Judicial Circuit, Butler County Court). Plaintiff was charged with the following: vehicle high-jacking; felony domestic assault in the second degree; kidnapping in the second degree; armed criminal action; unlawful possession of a firearm; and unlawful use of a weapon. A jury trial is currently set for plaintiff's criminal action on December 22, 2022. *Id.*

## Discussion

Having carefully reviewed and liberally construed the complaint, and for the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Kacey Proctor, Dewayne Warren and Matt Michel in their entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B). The

Court will also dismiss plaintiff's claims against Mark Dobbs and Dylan Janes in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's conclusory conditions of confinement claims will also be dismissed as plaintiff has not named a specific defendant connected to the alleged unlawful conditions.

The Court will additionally stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007) with respect to plaintiff's claims of false arrest and false imprisonment against defendants Dobbs and Janes, based on the pendency of plaintiff's state court criminal case against plaintiff arising out of the same facts.

**A. Official Capacity Claims**

The Court will first address plaintiff's claims against defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. In this case, defendants are all employed by Butler County, Missouri. Thus, plaintiff is attempting to sue Butler County.

6

Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, "policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. Alternatively, to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

7

    3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

The Court has reviewed plaintiff's allegations and found that he has failed to allege a custom, pattern or policy by defendants such that he can plead official capacity claims against them or against Butler County, Missouri. As such, plaintiff's official capacity claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Individual Capacity Claims Against the Prosecutor Defendants**

Plaintiff complains that the prosecutor defendants involved in his criminal action failed to investigate the proper charges against him. He fails to articulate additional allegations against the prosecutor defendants, and the Court finds that his allegations fail to state a claim under 42 U.S.C. § 1983.

Prosecutors are immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

8

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Plaintiff's complaint is completely devoid of any allegations that the prosecutors in this action acted inappropriately. He simply believes that defendants should have done more investigation with respect to the charges against him. Unfortunately, as noted, above, defendant prosecutors are entitled to immunity even where there are allegations of malice or self-interest. Accordingly, plaintiff's allegations against the defendant prosecutors are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C. Individual Capacity Claims for False Arrest and False Imprisonment**

Plaintiff alleges that he is being held on "false charges" by Sheriff Mark Dobbs at the Butler County Justice Center, and he asserts that Police Officer Dylan James should be held responsible for pursuing the false charges that led him to be incarcerated. As noted above, plaintiff is currently being held pending trial in Butler County Justice Center on criminal charges of vehicle high-jacking; felony domestic assault in the second degree; kidnapping in the second degree; armed criminal action; unlawful possession of a firearm; and unlawful use of a weapon. *See State v. Davis*, No. 21BT-CR-1743-01 (36th Judicial Circuit, Butler County Court).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The issue in *Wallace* was the timeliness of a § 1983 suit seeking damages for an arrest that allegedly violated the Fourth Amendment. *Id*. at 386. In answering that question, the Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id*. at 388. The Court explained that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id*. at 393 (internal citations omitted).

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to *State v. Davis*, No. 21BT-CR-1743-01 (36th Judicial Circuit, Butler County Court), which is

10

currently pending in Butler County criminal court. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 false arrest and false imprisonment claims in this action should be stayed until the underlying criminal matter against plaintiff has been resolved. Additionally, a stay or abstention until resolution of the criminal matter is appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Therefore, plaintiff's claims for false arrest and false imprisonment will be stayed according to *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007).

**D. Plaintiff's Conditions of Confinement Claims**

Last, the Court will address plaintiff's conclusory conditions of confinement claims.[3] On pages fourteen (14) through nineteen (19) of plaintiff's complaint, plaintiff details allegations regarding conditions of confinement claims relating to the Butler County Justice Center in December of 2021 through March of 2022. However, he fails to articulate a specific defendant responsible for these claims. Additionally, plaintiff's allegations of unlawful conditions are conclusory[4], and plaintiff has not alleged that such conditions were punitive in nature. *See Stearns*

---

[3]Plaintiff complains generally of the following: (1) that there is loose wiring in the cells; (2) sometimes the food is burnt; (3) there is no emergency button in his cell; (4) his toilet does not always work properly in his cell; (5) he believes his cell lacks proper ventilation; (6) his cell lacks a window; (7) some of the showers have mold; (8) inmates lack proper cleaning supplies; (9) laundry exchange can be pushed back longer than it should at the Justice Center; (10) cell doors on some cells are insecure; (11) no outside recreation for some inmates; (12) inmates are not given regular razors instead family must bring electric from home; (13) inmates are not given socks or towels by Butler County Justice Center as hygiene items; (14) inmates are not given sheets or pillowcases; (15) there are often three men in a two-man cell; (16) no fruit with meals and meals have to be eaten with plastic forks/spoons; (17) portions of meals are small and served cold and trustees serve with no "beard guard"; and (18) inmates are not placed in "proper quarantine."

[4]The Court is not required to accept plaintiff's legal conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual

*v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). Further, none of the defendants named in the caption of his complaint match plaintiff's conditions of confinement allegations.[5]

To the extent plaintiff is alleging that Mark Dobbs, the Sheriff of Butler County is liable for the conditions of the Justice Center because he held an administrative or supervisory position, his claim is subject to dismissal. *See Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 cases). Supervisors like defendant Dobbs cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Iqbal*, 556 U.S. at 676. To state a claim, the plaintiff must plead that the supervising official, through his or her own individual actions, has violated the Constitution. *Id.* Where, as here, the alleged constitutional violation requires proof of an impermissible motive, the complaint must allege adequately that the defendant acted with such impermissible purpose, not merely that he knew of a subordinate's motive. *Id.*

A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). Plaintiff has failed to plead specific facts establishing an actual

---

allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff's allegations related to his alleged unlawful conditions of confinement are nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678.

[5]On page twenty-six (26) of plaintiff's complaint there is a handwritten list of names, however, the Court is uncertain of the significance of this list. Plaintiff fails to match any one of these defendants to the allegations of the alleged unlawful conditions of confinement. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

link or connection between these defendants and the alleged constitutional violation, as set forth above. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Additionally, the Court takes judicial notice that plaintiff's conditions of confinement claims were brought in an earlier case in this Court, *Davis v. Dobbs*, No. 1:22-CV-36 SNLJ (E.D.Mo). Plaintiff was told to amend his claims in that case, and he has been given time to do so. As such, the Court will dismiss the conditions of confinement claims in this case, without prejudice, with leave to refile them in that case pursuant to the Court's prior Order in *Davis v. Dobbs*, No. 1:22-CV-36 SNLJ (E.D.Mo).

### Motion for Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

As noted above, the Court has decided to stay this action pursuant to the Supreme Court case of *Wallace v. Kato*. Thus, the Court will decline to appoint counsel at this time. When plaintiff seeks to reopen this action, he may seek appointment of counsel at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** plaintiff's motion to voluntarily dismiss defendant Butler County Justice Center from this action [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Kacey Proctor, Dewayne Warren and Matt Michel are **DISMISSED** from this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's conditions of confinement claims are **DISMISSED,** without prejudice. *See* 28 U.S.C.§ 1915(e)(2)(B). Plaintiff may continue to pursue those claims in *Davis v. Dobbs*, No. 1:22-CV-36 SNLJ (E.D.Mo).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Mark Dobbs and Dylan Janes in their official capacities are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims for false arrest and false imprisonment against Mark Dobbs and Dylan James are **STAYED** pending final disposition of

plaintiff's criminal charges in *State v. Davis*, No. 21BT-CR-1743-01 (36th Judicial Circuit, Butler County Court), including all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him *State v. Davis*, No. 21BT-CR-1743-01 (36th Judicial Circuit, Butler County Court), including all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of October, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE